UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RITA FRAZIER, | Case No. 10-15120 |
| Plaintiff, | Paul D. Borman |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
DISMISSAL UNDER RULE 41(b) AND
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 11)**

**I.      PROCEDURAL HISTORY**

   A.     <u>Proceedings in this Court</u>

On December 23, 2010, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Paul D. Borman referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance and supplemental security income benefits. (Dkt. 3). Pursuant to the Court's scheduling order, defendant timely filed a motion for summary judgment on May 11, 2011. (Dkt. 11). Plaintiff did not file a motion for summary judgment, contrary to the scheduling order dated March 16, 2011. (Dkt.

1

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

10).  In that order, the Court warned the parties that the "**[f]ailure to file a timely motion for summary judgment may result in sanctions, including granting all or part of the relief requested by the opposing party, or dismissal, as appropriate**."  (Dkt. 10) (emphasis in original).  Plaintiff neither filed a motion for summary judgment, nor made any attempt to seek an extension.  On May 12, 2011, the Court issued an order for plaintiff to show cause, by May 26, 2011, why she failed to comply with the scheduling order.  (Dkt. 12).  In the alternative, the Court permitted plaintiff to file her motion for summary judgment by that same date.  (Dkt. 12).  She did neither.  The show cause order specifically provided that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause in this matter by May 26, 2011 will result in a recommendation of dismissal of plaintiff's case**."  (Dkt. 12) (emphasis in original).

    B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claims on April 21, 2008, alleging that she became unable to work on April 10, 2008.  (Dkt. 9-5, Pg ID 156).  The claim was initially disapproved by the Commissioner on August 20, 2008.  (Dkt. 9-4, Pg ID 118-122).  Plaintiff requested a hearing and on August 13, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) William C. Thompson, Jr., who considered the case *de novo*.  In a decision dated December 21, 2009, the ALJ

2

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

found that plaintiff was not disabled. (Dkt. 9-2, Pg ID 53-63). Plaintiff requested a review of this decision on January 26, 2010. (Dkt. 9-2, Pg ID 51-52). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (Dkt. 9-2, Pg ID 49-50), the Appeals Council, on October 29, 2010, denied plaintiff's request for review. (Dkt. 9-2, Pg ID 46-48).

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** under Federal Rule of Civil Procedure 41(b) or, in the alternative, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.   FACTUAL BACKGROUND

Plaintiff was 41 years of age at the time of the most recent administrative hearing. (Dkt. 9-2, Pg ID 84). Plaintiff's relevant work history included approximately 14 years as a bank teller, cable installer, data clerk, bookkeeper,

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

3

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

desk clerk, marketing specialist, and office clerk. (Dkt. 9-6, Pg ID 179). In denying plaintiff's claims, defendant Commissioner considered back, thyroid, diabetes, manic depression, schizophrenic, and arthritis as possible bases of disability. (Dkt. 9-6, Pg ID 178).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since April 10, 2008. (Dkt. 9-2, Pg ID 58). At step two, the ALJ found that plaintiff's degenerative disks in the lumbar and cervical spine, obesity, and depression were "severe" within the meaning of the second sequential step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id*. At step four, the ALJ found that plaintiff could not perform her previous work as a bookkeeper, hotel clerk, and data clerk. (Dkt. 9-2, Pg ID 61). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 9-2, Pg ID 61-62).

### III. DISCUSSION

    A.    <u>Rule 41(b) Dismissal</u>

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is

4

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630.  "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991).  Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals.  As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b).  "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained

5

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

6

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff on two occasions that her case would be dismissed with prejudice if she failed to file her motion for summary judgment or satisfactorily respond to the order to show cause. (Dkt. 10, 12). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's failure to substantively participate in this case since the filing of the complaint, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte*

7

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). While the undersigned is sympathetic to plaintiff's situation, she failed to file an initial brief, and failed to file a reply to defendant's brief. Plaintiff also failed to file any substantive response to the order to show cause. Under the circumstances, in the view of the undersigned, dismissal is appropriate.

This outcome is consistent with the prevailing practice throughout this district. *See e.g.*, *Gayles v. Comm'r of Soc. Sec.*, 2010 WL 3582553, *1 (E.D. Mich. 2010) (Rosen, J.) (adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Miles-Richardson v. Comm'r of Soc. Sec.*, 2010 WL 1790976, *1 (E.D. Mich. 2010) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, 2009 WL 4646029, *2 (E.D. Mich. 2009) (Borman, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *Yax v. Comm'r of Soc. Sec.*, 2011 WL 3034914, *1 (Battani, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)).

B.   <u>Defendant's Motion for Summary Judgment</u>

In the alternative, the undersigned also recommends that defendant's motion for summary judgment be granted. The undersigned has reviewed the record evidence, the ALJ's decision, and the Commissioner's motion for summary

8

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

judgment.  The Commissioner's argument that the ALJ properly weighed the medical evidence and relied on the opinions of the consulting and examination physicians and psychologist are supported by substantial evidence in the record. There is no opinion evidence from any treating physician indicating that plaintiff's physical or mental limitations were greater than those found by the ALJ in formulating the RFC.  *See Maher v. Sec'y of Health and Human Serv.*, 898 F.2d 1106, 1109 (6th Cir.1987), citing *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").  Moreover, the undersigned concludes that the ALJ properly considered plaintiff's obesity and finds no basis to disturb the ALJ's credibility findings, which are, of course, due considerable deference. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** under Federal Rule of Civil Procedure 41(b) or, in the alternative, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

9

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 9, 2012                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

10

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

## **CERTIFICATE OF SERVICE**

      I certify that on February 9, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Derri T. Thomas, AUSA, and the Commissioner of Social Security</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: <u>Rita Frazier, 32155 Newcastle Street, Romulus, MI 48174</u>.

                                                     s/Darlene Chubb
                                                     Judicial Assistant
                                                     (810) 341-7850
                                                   darlene_chubb@mied.uscourts.gov

11

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120